Thank you, Judge Gould. As Judge Gould just stated, my name is David Ness. I'm with the Federal Defenders of Montana, and I represent John Little Dog. In my opening brief, I raised two issues. The first issue is or is just about to become moot, and that is whether or not Mr. Little Dog's custodial sentence is unduly lengthy and therefore unreasonable. For that reason, I'd like to concentrate my remarks today on the second issue. When will his sentence have been completed? Last I looked, Judge, it'll be September 12th, so in about two weeks. The second issue deals with a condition of supervised release, and we've challenged that condition as being overbroad in that it not only prohibits Mr. Little Dog from possessing sexually explicit material, it goes far beyond that to prohibit him from patronizing any place where such material is available. As I pointed out in my brief, this condition is way overbroad because it has the effect of not keeping Mr. Little Dog out of, for lack of a better word, X-rated movie houses or dirty book establishments, but rather common everyday convenience stores, hotels, bookstores, perhaps even the public library. I think that the condition could be remedied fairly simply just by adding a few words to ensure that it applies only to those establishments whose primary item of sale or whose principal business is dealing in such activities. Let me ask you a question about that. Is your client, when he gets out of prison, is he going to be living in a small town on or near the reservation? I suspect he'll go back to Browning. Back to Browning. Where are sexually explicit materials available there? Are they in convenience stores on the shelves in Montana? I'll confess I haven't surveyed all of the convenience stores in Browning to ask that question. We're glad to hear that. And I'm happy to inform the court of that. But I do know, just from going to other convenience stores, that they typically keep those sorts of magazines back behind the counter. When you go pay, you can see the penthouses, Hustler, things of that nature, that are right behind the counter. So they're certainly available. At the hotels, is there a Hilton Hotel or some other chain hotels? There is no place, Judge, that you would necessarily consider very nice in Browning. Again, I haven't checked into the hotel rooms to see what they have on pay-per-view. Do they have pay-per-view adult movies in those hotels? In other hotels? Hotels in Browning? Yeah. I don't know. But I would submit, however, that in the event he stays in a hotel, it would be unlikely to be in Browning. It would probably be someplace else. Can I ask you a question? This condition was almost identical to one that was imposed at the time of the original sentencing. There was no objection at that time, and there was no appeal. Should that affect our decision in this case? I don't think so, Judge. I mean, this is a new judgment. I would note a couple of things. One, Mr. Littledug, I did not represent Mr. Littledug at his first sentencing. And the second thing I would note is that I think that this court, probably due to counsel pressing the issue, has started to address the reasonableness of some of these conditions on supervised release. So even since that time 10 years ago, I think that there's been some changes in the law that would indicate that, as well as technology for that matter. So I think that the court can and should address this issue today. And, Mr. Ness, I think that a similar provision was being reviewed in the case of United States v. B. But the court, while upholding the provision, didn't mention the patronizing part of it, as I read. It didn't. The condition was almost exact, but as I read that case, the holding went only to the propriety of prohibiting the person from possessing such materials. So does that case have any precedential weight for us? If we don't know if that issue was raised, it certainly doesn't appear to have been addressed. I don't think it was addressed. And I don't think, from reading the opinion, that the specific argument that I've raised that is over breadth was raised in v. either. I read the opinion the attack was based on First Amendment grounds and arguing that it wasn't reasonably related to the factors outlined in Section 3583. I think on the over breadth, I certainly have your argument well in mind. Others may have questions. Anything else you want to say about the reasonableness of the 12-month term, or do you want to reserve your time for rebuttal? I will reserve my time unless either of the other judges. Any questions from the panel? Hearing none, I think we can let you save your time. Thank you for rebuttal. Okay. For the government, we have Brian Whitaker, the Assistant U.S. Attorney from Montana. May it please the Court, Brian Whitaker from Montana, representing the United States. Your Honor, you had asked about the B case, whether that's controlling or not, and Mr. Nessus is correct that it wasn't exactly addressed in the same analysis, but Mr. B challenged that whole condition. He challenged the possessing part of the condition and he challenged the patronizing part of the condition, and this court upheld the entire condition. And so as the district court is looking to deal with Mr. Little Dog's big problem, frankly, of possessing pornographic material, the district court looked to this court for guidance in how to address Mr. Little Dog's problem. Mr. Little Dog, two months after he had gotten out of prison, obtained pornographic material, and though he wasn't violated at that time in terms of supervised release, then several months later in September of 2011, he was found with 47 pornographic DVDs and two pornographic magazines. This is a man who is seeking this material out. This is not just a one-time occurrence, but he is actually seeking it out multiple times. He's proved to the district court that he does have a problem and that he needed specific conditions to deal with that problem. And so as the district court tried to come up with a reasonable condition to address that, they looked to this court in B to... Well, where do you get that from? The district court didn't cite B. The district court just said, I'm imposing these conditions, and if the Ninth Circuit doesn't like it, they can reverse me. That's not a very cogent reason as to why a condition this broad was imposed on this particular man. That's true that they did not cite B. Presume that the district court knows the law, and as you look at the condition, the challenge part of the condition here is identical. It's worded the same. And so I guess I... Let me, if I could make a suggestion just as one member of the panel. To me, it doesn't really matter if B is out there, if B doesn't address this issue. So, you know, in other words, B doesn't have any significance and precedent as far as my vote is concerned if it doesn't address the issue. So I think you should really address the issue apart from B as to whether you think the provision is not unreasonably broad or whether it is. In this particular case, Your Honor, the condition is not overly broad because of, as I just mentioned, Mr. Little Dog's specific problem, and the record demonstrated that he has this specific problem of seeking out this pornographic material, and this is reasonably related to his rehabilitation and to protect the public. Well, does this prevent him from going into any convenience store in Browning? I don't know. As Mr. Ness indicated, I don't know which convenience stores sell pornographic material, but if they do sell pornographic material, then it absolutely would prohibit him from going to that convenience store. And let's say in some other larger city in Montana, there was like a chain, a hotel chain like Hilton, and they have adult movies on their closed-circuit TVs. Would he not be able to stay there? That's correct, Your Honor. If it's a commercial place that sells pornographic material, then he would not be able to stay there. And Mr. Little Dog can certainly abide by this condition by just a little bit of advanced planning or calling ahead to make sure that that type of material is not available at the hotel. Why does he have to find hotels where it's not? I think there definitely are hotels that don't have that material. Can I pick up on something that Judge Friedman asked? Where did the district court get this language? Where does it come from? Is it in a standard condition, or did he make it up, or what? I think the record doesn't speak exactly where he got that from. I think the district court obviously used this condition previously with Mr. Little Dog, which Judge Friedman indicated that he didn't object to initially. Did the probation office report recommend it originally? Yes, I think so. I believe it did, but I don't know specifically the answer to that question. What the district judge may well have done, which is one of the things that gives us a concern, because I've done it many times myself, is you sit there with the original judgment and commitment in front of you when you're in a revocation hearing, and you revoke and you say, well, I'm going to give you X number of months, and I'm going to impose the same conditions I did last time, and then you sort of reiterate them. And that's fine if it's a standard condition. This is just one judge talking as well. It's fine if it's a standard condition. But when you're dealing with a condition this broad, X number of years after the original sentence, doesn't he have to, doesn't the judge have to explain why it has to be this broad? Well, I think, yes, I think the district judge did do that here, as he was talking about Mr. Little Dog's specific problems that he had. And so there was a need to have that condition. There was a record where Mr. Little Dog had sought this stuff. I mean, he had 47 pornographic DVDs that the district court specifically highlighted the fact that he didn't just get those all at one time. I mean, this was a period of time where he's collecting this stuff. You don't go out and just buy, at least in the district court's judgment, wouldn't have gone out and bought 47 DVDs all at one time. And so he's saying, look, you violated in March, then over, the probation officer warned you, and then between March and September you've now collected 47 DVDs and two pornographic magazines. And so it's this pattern of conduct that the district court is looking for, a broader condition to help Mr. Little Dog in his rehabilitation and to protect the public. Frankly, Mr. Little Dog has trouble expressing himself sexually. He molested two different children. And so the district court is trying to protect the public and to help Mr. Little Dog with his rehabilitation. So, yes, there was some need for a broad condition here. There's doubtless need for some condition and maybe for a broad one, but even with a broad one it could possibly be narrowed so the guy could go to the supermarket or a convenience store if he wants it. So let me ask this just to get to the crux of it. What objection, if any, would the government have to our directing the district court to narrow that provision to cover establishments that primarily sell pornographic materials or substantially, like peep shows or adult bookstores or whatever kinds of places? I think the heart of the objection really is that there's the possession element and there's the patronizing element. The possession element, we know he has a problem with that. And the fact is that if he goes to an establishment where it's available at all, he's obviously tempted to get that stuff. He obviously wants to seek that out. So buying a Playboy magazine at the convenience store or going to an adult bookstore to buy the Playboy magazine is essentially the same thing. But this doesn't say buying. It says patronizing. So hypothetically, we've all come up with different hypotheticals. He drives into a gas station. The gas station has a mini mart. He goes in to pay for his gas, and behind the counter are pornographic magazines and his probation officer walks in. He's in violation, isn't he? That's right. He would be. Well, then isn't it too broad? I would say it's not too broad because the goal here is to try to rehabilitate him and help him overcome the problem that he has with seeking out pornography. And so we don't know where he got those 47 DVDs and the magazines. I mean, he could have got them at an adult bookstore. He could have got them at the convenience store. But the fact that he has them is a problem. That's the problem. That's the heart of the problem is we're trying to help Mr. Little Dog to overcome this propensity to obtain pornographic literature. And so if he goes to the convenience store, he's buying his gas, and there there's a whole rack of these things. I mean, he's shown he wants to have this stuff. He's demonstrated repeatedly that he wants to have this stuff. So that's what the district court is trying to help him here, trying to help him overcome that. So a broader condition in this particular case is appropriate. I have no further. Okay. Go ahead. I was going to conclude, but if you have a question, I'm happy to. Oh, that's all right. Okay. The panel has no further questions. We thank you for your argument, Mr. Wood. Thank you. And we thank Mr. Ness very fine. Arguments work. We're always fortunate to have a Montana council come here. They do such a nice job. Thanks. I know that travel is not easy, but thanks for making it here. Thank you.
judges: Friedman, Schroeder, Gould